THE MORTGAGE TRUST COMPANY OF PENNSYLVANIA *v.* MOORE ET AL.

[No. 18,408.   Filed April 26, 1898.   Motion to modify overruled. May 17, 1898.]

WILLS.—*Deed.—Delivery.—When Deed and Will Construed Together.* —A father made and acknowledged a deed to his son, but did not deliver it. Afterward the father made a will in which he referred to the deed, stating that he had "conveyed" the land described therein to his son, and directed that the deed be delivered at his death. *Held*, in an action to enforce a provision of the will making a legacy a lien on the real estate, that the deed and will should be construed together. *pp. 468, 469.*

APPEAL.—*Evidence.— Objection.—* An objection to the evidence for the reason that it is "incompetent, irrelevant, and immaterial," is too general and indefinite to present any available question. *p. 470.*

MORTGAGE.—*Mother's Interest as Heir of Daughter.*—A father bequeathed to his daughter a legacy and made it a charge upon certain real estate. Before the legacy was paid the daughter died, without children, her mother and her husband surviving her. Subsequently the mother joined the owner of the real estate in a mortgage thereof. *Held*, in an action to foreclose the mortgage, that the mortgage and foreclosure carried the mother's one-fourth interest in the legacy which she inherited from her daughter, under section 2650, Burns' R. S. 1894. *pp. 470, 471.*

DESCENT AND DISTRIBUTION.—*Rights of Surviving Husband.*—Under section 2650, Burns' R. S. 1894, giving a husband all of his wife's estate if it does not exceed $1000.00, to entitle the husband to claim

all the property the burden is on him to show that the amount of the estate does not exceed that sum. *p. 472.*

PRESUMPTION.—*Wills.*—Presumptions are in favor of intestacy. *p.472.*

From the Wabash Circuit Court.    *Reversed.*

*Dyer B. McConnell* and *Edgar B. McConnell,* for appellant.

*H. C. Pettit, T. F. Stitt* and *Royce & Cook,* for appellees.

HACKNEY, J.—This was a suit by Thomas W. Moore against his co-appellees and the appellant, The Mortgage Trust Company, of Pennsylvania, to enforce a lien upon real estate created by the deed and last will of John Makemson.

The sufficiency of the complaint is the first question presented. It alleged that John Makemson, on the third day of July, 1888, his wife joining, made a deed for one hundred acres of land in Kosciusko county to his son, William G. Makemson, said deed containing a condition that the grantee should execute his note to the grantor's wife for a stated sum per annum during her lifetime, if she survived the grantor. It is further alleged that the deed so made was never in any manner delivered to said grantee, but was retained by said grantor until his death, in February, 1889, during which time he remained the owner and continued in possession of said land; that on the 12th day of February, 1889, said John Makemson executed his last will containing, among other provisions, the following:

"Item 8.—I have conveyed to my son, William G., by deed," the land above referred to, "upon certain conditions therein mentioned, which said deed I retain until my death, and at my death to be delivered to him. This is to be in full of his interest in my estate, and he is to pay my daughter, Alice Moore, twen-

ty-two hundred dollars, and I charge said land with the payment of said sum."

"Item 10.—I will to my daughter, Alice Moore, the sum of twenty-two hundred dollars, which I have herein directed to be paid to her by my son William. * * *."

"Item 12.—I expect to pay my daughter, Alice, on the twenty-two hundred dollars, due her from my son William herein provided the principal of the two notes executed to me by Harvey Oram, bearing date August 11th, 1887, each calling for the sum of $766.66, if I collect the sum during my life time, but in case said notes are not collected during my life, then I bequeath them to my son William at my death, who is to collect said notes and pay the amount collected on the twenty-two hundred dollars, which he is to pay to said Alice as herein directed.

"Item 13.—The lands described herein as being conveyed to my son William and my son Homer by deeds, which said deeds I retain during my life, comprise my old home farm. During my life time I am to receive from said lands full maintenance and support, each of my said sons contributing an equal amount. Beyond this amount my said sons are to receive the rents and profits of said lands as their absolute property. To secure my said support and maintenance I retain said deeds during my life time, at my death said deeds to be delivered to my said sons, each of them being bound, however, to perform the conditions contained in said deeds."

After the death of John Makemson, it was alleged, said deed to William G. was delivered and recorded, and said will was duly probated; that William G. paid to Alice Moore, on the charge in said will against said land, $1,466.66, but that no other sum was ever paid thereon, although demanded of said William by said

Alice; that said William sold and conveyed said lands to Homer E. Makemson, subject to said charge and lien, said Homer agreeing and undertaking to pay the same. It is alleged also that said Alice had died, leaving said Thomas as her only heir; and that no debts remained against her estate. That he, said Thomas, had demanded from William and from Homer the balance of said charge. Sarah A. Makemson, the mother of said Alice, Homer E. Makemson, and his wife, and the appellant, were made defendants, with a general allegation of an adverse claim which was junior to the plaintiff's claim to said balance.

The objections to the complaint, as stated by counsel for appellant, are, "(1) that it shows on its face that the conveyance was by deed and not by will. (2) It shows no acceptance of the legacy, as a charge upon the land, by William G., of which the Mortgage Trust Co. had notice."

It is argued by appellant's learned counsel that the deed and will, having been executed at different times, should not be construed together; but that the deed should be regarded as having conveyed title to William, and that the testator was powerless, by any act subsequent to the conveyance, to place a charge upon the land. It appears from the allegations of the complaint, and this is admitted by appellant's demurrer, that the deed was only made and acknowledged before the grantor's death, and was, in no way delivered to William. Delivery, as has so often been decided, is an essential part of the execution of a deed of conveyance. There having been no delivery, there was, without the provisions of the will as to delivery, no conveyance, and the unexecuted deed, upon the death of the maker, would have been void, for the want of delivery.

This conclusion, from a consideration of the deed

apart from the will, would be most disastrous to any claim upon the land by the appellant, whose sole right depends upon William's ownership, and a mortgage by his grantee. The fact that the deed was made prior to the making of the will does not defeat a consideration together of the two instruments. The rule is that where such an intention is manifest, from the reference in a deed to a will, or *vice versa,* the two instruments will be considered and construed together. *Copeland* v. *Summers,* 138 Ind. 219; *Amos* v. *Amos,* 117 Ind. 19; Beach on Wills, p. 30; *Estate of Skerretts,* 67 Cal. 585.

Looking to the two instruments and the facts of withholding possession of the deed, and of the land, it is manifest that John Makemson intended to make a disposition, to William, of the property mentioned, to take effect upon his, said John's, death; that he intended also to provide for his daughter, Alice Moore, twenty-two hundred dollars, fifteen hundred and thirty-three dollars of which was to come from Harry Oram, through William, and the remainder from William directly, and that the whole sum was to be a charge upon the land so provided for William. The withholding of the deed, and the provision of the will for its delivery upon the death of John Makemson, together with the rule that a will is effective only upon the death of the testator, brought the two instruments into effect at the same time, the one giving title, and the other prescribing one of the conditions upon which that title passed, namely, of charging the land with the legacy of Alice Moore. The deed would appear, therefore, to be of a testamentary character, and subject to construction in that light. See *Stroup* v. *Stroup,* 140 Ind. 179, 27 L. R. A. 523. The deed becoming effective by delivery under the will was necessarily taken upon the terms provided in the

will. The fact that the testator employed the word "conveyed," in his references to the deed to William, is not conclusive that the deed had become effective by a delivery. The allegations of the complaint that the deed was never delivered; that it remained in the testator's possession, and the fact that the will directed its delivery after the testator's death, very clearly disclose that the word was used in a more limited sense than that contended for by the appellant, and that as a consequence, the deed lacked delivery. *Vaughan* v. *Godman*, 94 Ind. 191.

The complaint, in our opinion, was not subject to demurrer for any of the reasons urged against it.

Upon the motion for a new trial two questions are urged, that the court erred in admitting certain evidence of Barker, a witness for the appellee, and in assessing excessive damages. The objection to the evidence in question as stated in the trial court was "for the reason heretofore given, incompetent, irrelevant and immaterial." The evidence of the witness contained no objection possibly applicable to the evidence in question, and the reasons stated have been held to be too general and indefinite to present any available question.

The cause for a new trial, that the damages were excessive, presents a more serious question. From the evidence and admission of the parties, it appeared that John Makemson died near the 26th day of February, 1889, that being the date of the probate of his will; that his wife survived him; that Alice Moore died on the 22nd day of September, 1890, without children, her husband and her mother, Sarah A. Makemson, surviving her; that about two years after John Makemson died, William G. Makemson conveyed the lands mentioned to Homer E. Makemson, who, about one year thereafter, executed to appellant,

a mortgage of said lands, in which mortgage his wife and his mother, the said Sarah A. Makemson, joined; that said mortgage was regularly foreclosed against the said parties thereto, and appellant is now in possession under a deed upon said foreclosure. The complaint alleged the payment, by said William, upon the legacy named, of $1,466.66; sought to recover the balance thereof and to enforce a lien upon said lands.

The court gave judgment, on March 20, 1897, for $1,026.00, and the contention is that Sarah A. Makemson, as an heir of her daughter, Mrs. Moore, inherited one-fourth of whatever balance of said legacy remained unpaid at the death of Mrs. Moore, and that the sum adjudged in favor of the appellee, Thomas W. Moore, included the interest so inherited by Mrs. Makemson, which interest, it is claimed, the mortgage and its foreclosure against Mrs. Makemson carried to the appellant. This contention, in our judgment, must prevail. The amount of the judgment is found by deducting $1,466.66 from the legacy of $2,200.00, and, after one year from the testator's death and up to the date of the judgment, adding interest at six per cent. per annum. There are various views expressed by counsel as to the time when interest began to run, but even if from the date of the testator's death, the judgment would be excessive, and, from the appellee's position, that interest began to run when the estate should have been settled, the judgment was excessive by about $260.00. It is said, however, that at the death of Alice Moore the claim was less than one thousand dollars, upon any reasonable theory as to interest, and that under the statute, section 2650, Burns' R. S. 1894, the whole of said sum would go to the appellee as her heir. That section provides that upon the death of the wife, leaving no child, but leaving her husband and her mother, the husband shall take

three-fourths, and the mother one-fourth of the wife's estate, "Provided, That if the whole amount of property real and personal, do not exceed one thousand dollars, the whole shall go to such  *  *  *  widower." To entitle the appellee to the whole of the estate of his deceased wife, it was incumbent upon him to show that the estate was of the character of that named in the proviso quoted. This obligation was not discharged. Not a word of evidence as to the property left by Mrs. Moore is in the record. It is urged by the appellee that as no evidence was offered in support of the plea of payment, the allegation of the complaint that $1,466.66 had been paid could not be considered, and the judgment would be for much less than three-fourths of the legacy. This, upon the theory of the complaint, as we have stated it, cannot be. Nor does the fact that Mrs. Makemson filed in this case a disclaimer, add to the appellee's claims against the appellant. Her interest was covered by the mortgage and its foreclosure. Nor is there any presumption that Alice Moore died testate, leaving to her husband the interest which otherwise would go to her mother. Presumptions are not in favor of testacy, but are in favor of intestacy. The judgment is reversed, with instructions to sustain the motion for a new trial.