## AETNA POWDER COMPANY v. EARLANDSON.

### [No. 4,727. Filed May 24, 1904.]

NEGLIGENCE.—*Contributory.—Master and Servant.*—Defendant maintained a pit in a path used by its employes while engaged in their work, which could be passed over with safety when covered, but the covering had been removed by defendant, without the knowledge of plaintiff, and plaintiff, while passing along the path, after dark, fell into the pit and was injured. *Held*, that the question of contributory negligence of plaintiff was one of fact for the determination of the jury. *pp. 252–254.*

SAME.—*Contributory.—Master and Servant.*—Where there were different paths which a servant could travel while engaged in his work, and all of them were apparently equally safe, the act of the servant in choosing one in preference to the others, although he was injured while passing over it, was not an act of negligence. *p. 254.*

APPEAL AND ERROR.—*Evidence.—Objection.—Exception.*—An objection to the question asked plaintiff, in an action for personal injuries, why he

quit work, for the reason that "it is immaterial as to why he quit, the witness having stated that he quit of his own volition, and that he was not discharged by the defendant" is too general and indefinite to present any available question. *p. 255.*

EVIDENCE.—*Admission.*—Where, in an action by a servant for injuries sustained from falling into an unguarded pit, while going from his work to the tool house, all the surroundings and conditions existing at the time could be placed before the jury from which they could determine the necessity for the servant to pass the pit, the refusal of the court to permit a witness to testify whether there was a necessity therefor was not error. *p. 255.*

From Porter Superior Court; *H. B. Tuthill,* Judge.

Action by Oscar Earlandson against the Aetna Powder Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. B. Peterson, F. W. Ullman* and *N. W. Hacker,* for appellant.

*J. A. Patterson* and *A. F. Knotts,* for appellee.

ROBINSON, J.—Suit by appellee for damages for personal injuries. The complaint avers that appellee was employed to fire and attend certain vats used in the manufacture of dynamite in appellant's factory, which consisted of buildings, outbuildings, furnaces, tanks, and machinery; that the tools and implements which appellee used were kept in a tool house about sixty feet from where he worked, between which places was a well-defined pathway, or walk; that in this path, about three feet underground, was a line of steam pipe leading from one part of the works to another, and in the walk, or path, was a pit about four feet deep and four feet square which had a plank covering, which pit was used to reach the pipe; that the covering of the box was level with the path, and appellee, in performing his work, was required to and did pass along the walk over the pit and pit cover very many times each day, and had seen other employes do the same thing, and that appellee knew it was safe to pass along the walk over the pit when the cover was in place; that on January 8, 1899, about 3 o'clock in the

afternoon, by direction of the assistant superintendent, another employe removed the covering, and carelessly left the pit uncovered, without guards or lights, and without notice to appellee; that the pit was at the time partially filled with boiling water, which the assistant superintendent knew; that at about 5:30 o'clock p. m., while in the exercise of due care, appellee, while walking along the path towards the tool house to get tools with which to work, not knowing the pit was uncovered, and, on account of the darkness, unable to see that it was uncovered, fell into the pit, and was injured.

It is first argued under the motion for a new trial; overruling which is the only error assigned, that the evidence shows appellee guilty of contributory negligence. There is evidence that appellee was traveling the path usually traveled by employes while engaged in their work; that the pits were left covered, and were safe when covered, which appellee knew; that he did not know the pit was uncovered at the time; that it was about dark; that appellee carried a lantern, but there is some evidence to show that it was foggy. It can not be said that appellee deliberately walked into the pit. He had walked over the place several times during the day before the cover was removed, and he had no reason to expect that it would be uncovered at the time. Having no reason to suspect danger, he was not required to keep his eyes constantly on the ground in front of him. There is nothing to show that the conditions surrounding him at the time were such as required him to exercise extraordinary care. He could not be held responsible for exposing himself to a danger of which he knew nothing, and of which he was under no obligation to inform himself. He was not bound to guard against any peril which he had no reason at the time to suspect. It was the jury's duty to say whether, when injured, he was using such care as a man of ordinary prudence would have used under like circumstances. They

have found that he was, and upon the evidence set out in the record we are not authorized to say that the jury's conclusion was erroneous.

In *East Chicago Foundry Co.* v. *Ankeny,* 19 Ind. App. 150, the case was decided upon a special verdict. In that case the jury expressly found certain facts to exist which precluded a recovery. The pit was an open one, and only a few feet from, and in plain view from, the place where appellee worked. From the evidence in the case at bar, had interrogatories been submitted to the jury, they might or might not have answered them as they did in the above case. The evidence in the case at bar is not such that the jury must necessarily have answered them as they did in that case.

If there were different ways which appellee could have traveled at the time he was injured, and all of them were apparently equally safe, the act of choosing one in preference to the others, although injured while passing over it, was not an act of negligence. Upon this question the court correctly instructed the jury as to the law, and the instruction given was applicable to the evidence. The theory of the whole case, as made by the pleading and the evidence, is that there was an apparently safe and well-defined walk from the place where appellee was working to the tool house, that was generally used by the employes, and that appellee was following that path when injured. It is quite true an employe must make use of his senses of sight and hearing while in the discharge of his duties, and employ them for his own protection, and a requested instruction to that effect would be a proper instruction in many cases; but considering all the evidence upon the manner in which the injury was received, and considering together all the instructions given by the court, we do not think the refusal to give the requested instruction is reversible error. Under the ruling in the case of *Indianapolis, etc., Transit Co.* v. *Haines, ante,* 63, the instruction in the case at bar upon

the question of the burden of proof as to contributory negligence was not erroneous.

Appellee was asked how he came to quit work, and objection was made that "it is immaterial as to why he quit, the witness having stated that he quit of his own volition, and that he was not discharged by the defendant." We fail to see anything more in this objection than that the question "is immaterial," which has been held to be too general and indefinite to present any available question. *Mortgage Trust Co.* v. *Moore,* 150 Ind. 465; *Western Assur. Co.* v. *McAlpin,* 23 Ind. App. 220, 77 Am. St. 423; *Lautman* v. *Pepin,* 26 Ind. App. 427.

Appellant offered to show, in answer to a question asked a witness, to which objection was made, that there was no necessity for appellee to pass over the box in going from where he was at work to the tool house. Had the answer been permitted, it would have been no more than the opinion of the witness; and, as all the surroundings and conditions existing at the time could be placed before the jury, from which they themselves could determine that question, the court's refusal to permit the answer was not error.

Judgment affirmed.