Snyder v. Greendale Land Co.—48 Ind. App. 178.

---

## Snyder et al. v. Greendale Land Company.

[No. 7,006.   Filed May 20, 1910.   Rehearing denied December 6, 1910.   Transfer denied June 27, 1911.]

1.  DEEDS.—*Wills.*—*Estates.*—*Life.*—*Fee.*—*Words of Inheritance.*— *"Heirs."*—*"Heirs of the Body."*—Where an estate is limited to a person for life and by the same instrument the remainder is limited, either mediately or immediately, to his "heirs," or the "heirs of his body," the first taker takes a fee simple, or a fee tail, "heirs," or "heirs of the body," being words of limitation and not of purchase.   p. 183.

2.  WILLS.— *Deeds.*— *Testamentary   Disposition   of   Property.*— Where deeds are made to children and placed in the hands of another to be delivered at the death of the grantor, and such

grantor in his will directs that such deeds be delivered as directed, the deeds being made a part of the will by reference, the deeds and the will will be construed together as constituting a testamentary disposition of such property.  p. 183.

3.  DEEDS.—*Wills.—Estates.—Life.—Fee Simple.*—Deeds granting certain land to each of the grantor's daughters "for and during the term of her natural life, and upon her demise to the children of said [daughter] and their descendants who may be alive at the time of the death of said [daughter], their heirs and assigns forever," when construed with a will making such deeds a part thereof by reference and confirming them, giving such land to each of such daughters and her "descendants," if any of such daughters are dead, and with a memorandum reciting the conveyance of such lands to each of such daughters "for life, with remainder to (her) children," the devise of a life estate to testator's wife of all lands not conveyed to such daughters and their "descendants," and the devise of the residue of testator's property to such daughters, the children of any one deceased to receive her part, gives to each daughter a life estate in such lands, remainder in fee simple to her children living and the descendants of those that are dead at the time of such daughter's death, such estate vesting at the death of the testator and the acceptance of the deed.  pp. 183, 185.

4.  WILLS.—*Construction.—Intent.*—The purpose in construing a will is to ascertain the testator's intent.  p. 184.

5.  WILLS.— *Construction.—Words. — "Descendants."—"Issue."*—In construing a will, the word "descendants" is sometimes used in a restricted sense; and the word "issue," which is coëxtensive with the word "descendants" and includes every degree thereof, may import children only.  p. 184.

From Dearborn Circuit Court; *George E. Downey,* Judge.

Suit by the Greendale Land Company against Bertha Snyder and others.  From a decree for plaintiff, defendants appeal.  *Affirmed.*

*W. J. Beckett, T. S. Cravens* and *B. K. & W. F. Elliott,* for appellants.

*Warren N. Hauck, Edwin F. McCabe* and *James McCabe,* for appellee.

COMSTOCK, J.—Appellee instituted this suit against appellants to quiet title to certain real estate in Dearborn county, Indiana.  Issues were formed by a complaint in two

paragraphs—to each of which a demurrer for want of facts was overruled—and an answer in general denial. The cause was tried by the court, and upon request a special finding of facts was made, and conclusions of law were stated thereon.

In brief, the facts as shown by the special findings, so far as material here, are that appellee is an Indiana corporation; that Joseph Hayes, a resident of Dearborn county, Indiana, died testate on February 3, 1875, the owner and in possession of certain real estate in said county; that said Hayes executed his last will and testament on January 16, 1875; that said will (a copy of which is set out) was duly probated and recorded; that Nancy Hayes was testator's surviving widow; that she died intestate on May 17, 1875; that she possessed and had the use of said real estate from the death of Joseph Hayes until her death; that on January 11, 1875, said Joseph and Nancy Hayes caused to be drafted, signed and duly acknowledged a deed of conveyance of the real estate described in the complaint to their daughter, Priscilla Garrison, and to her children and their descendants; that said Hayes placed said deed in the hands of John Schwartz for safe-keeping, with directions to said Schwartz to deliver said deed to said Priscilla Garrison; that said deed was so kept until after the death of Joseph Hayes, when it was delivered to, and accepted by, said Priscilla Garrison, and placed of record in the proper records of Dearborn county, Indiana, on February 20, 1875; that said deed was the deed mentioned in item three of the will of said Joseph Hayes, as set out in the special finding, and that said Schwartz was the John Schwartz mentioned in the will; that said Priscilla Garrison entered into the possession of said real estate, and continued to occupy it until November 15, 1901, when she and her husband, Lewis Garrison, Sr., one of the defendants, and all the surviving children of said Priscilla Garrison, except her son Calvin Suit, who had conveyed his interest to one of the grantors named therein, executed a warranty deed to William H. O'Brien for the real

estate described in the complaint; that after a succession of transfers said property was conveyed by warranty deed to appellee, Greendale Land Company, and that it has ever since been in possession thereof; that at the death of said Joseph Hayes, said Priscilla had no children, excepting certain of the defendants in this suit and a son, Charles Suit, since deceased; that said Charles Suit died intestate, unmarried, on September 25, 1876; that at the date of the death of said Priscilla Garrison's father, she had no children married; that at the date of her death she left certain grandchildren and certain great-grandchildren surviving her.

Upon the facts found the court states its conclusions of law as follows: "That plaintiff is the owner, in fee, of the real estate described in the complaint, and that as against defendants and each of them it is entitled to have its title thereto quieted."

Appellants separately and severally excepted to said conclusions of law, and filed their separate and several motions for a new trial, which were overruled, and a decree was entered in accordance with the conclusions of law stated.

The questions raised render it pertinent to set out a part of the language of the will and the deed in controversy. Said will reads, in part, as follows:

"Item 3. Whereas I (Joseph Hayes) and my wife, Nancy Hayes, conveyed to each of our children and the descendants of such as are dead certain portions of my real estate, * * * for the purpose of making division among my heirs of the principal part of my real estate, * * * which were and are intended for immediate delivery to them and for recording thereof and are now in the hands of John Schwartz for delivery to the parties and for safe-keeping until delivered, I therefore now here will, that whatever lands I have so conveyed and delivered the deed therefor to said John Swartz for safe-keeping and delivery to the grantees as aforesaid, shall be their respective portions * * * of my real estate, * * * and I hereby make these deeds by reference to them a part of this my will, and have also added to the clause partial memoranda."

Here is added memoranda of the lands conveyed to certain parties named therein.   Each memorandum recites:

"Memoranda of the lands conveyed by my deed to ———— for life, with remainder to (her) children. * * * "Item 4. I give * * * to my beloved wife, Nancy Hayes, if she survives, for and during the term of her natural life, all of my real estate not deeded to our children and their descendants, as in item three set forth. * * * Item 6. I give and bequeath all such residue as may be left by my wife [after all expenses and debts are paid] to all my children and the descendants of such as may be dead (they to receive the parts respectively which their parents would have received if alive), to be distributed equally between them."

The language of said deed is, in part, as follows:

"This indenture made January 11, 1875, witnesseth that, in consideration, * * * we, Joseph Hayes and his wife, Nancy Hayes, of Dearborn county, Indiana, do hereby * * * convey unto said Priscilla Garrison for and during the time of her natural life, and upon her demise to the children of said Priscilla Garrison and their descendants who may be alive at the time of the death of said Priscilla Garrison, their heirs and assigns forever the following described real estate," etc.

Appellants insist that the language of the deed, before set out, gives to appellants, who are the grandchildren and great-grandchildren of said Priscilla Garrison, and who were alive at the time of her death, an equal share with the children as grantees and members of the same class; that the language is plain and unambiguous, leaving no room for construction; that the words "heirs" and "descendants" are not equivalent terms.   On the other hand it is contended by appellee that the word "and" in the words "and their descendants," means "or;" that the word "descendants" as used here means the issue of a deceased child or children of Priscilla Garrison, and is a word of limitation and not of purchase; that the deed and the will must be construed together.

Where a freehold is limited to one for life, and by the

same instrument the inheritance is limited, either mediately or immediately, to heirs of the body, the first taker takes the whole estate either in fee simple or fee tail; and "heirs," or "heirs of the body," are words of limitation and not of purchase. This is a well-settled proposition of law in this State. *McIlhinny* v. *McIlhinny* (1894), 137 Ind. 411, 24 L. R. A. 489, 45 Am. St. 186, and cases cited.

In the case of *Smith* v. *Smith* (1885), 24 S. C. 304, the court, in construing a like provision, said: "As we understand it, the principle is that where the remainder is given to the very persons who would without such remainder take by descent from the life tenant, they shall be held to take by descent, and not by purchase."

There is no finding as to when the deed was placed in the hands of Schwartz. It was in his possession when the will was executed. Both instruments were made in contemplation of death. The donor was distributing his estate in his own way.

In the case of *Mortgage Trust Co.* v. *Moore* (1898), 150 Ind. 465, a deed was made a part of the will by reference, and it was held that the instruments should be construed together. At the time of the execution of the will the deed had not been accepted.

None of the children of Priscilla was married, and, at the time the deed was made, had no descendants. The language of the deed is:

"Convey unto said Priscilla Garrison for and during the time of her natural life, and upon her demise to the children of said Priscilla Garrison and their descendants who may be alive at the time of the death of said Priscilla Garrison, their heirs and assigns forever."

The deed gave a life estate to the daughter Priscilla, with remainder in fee to the children of said Priscilla and their descendants living at the date of the death of said Priscilla. Item three of the will recites the conveyances to which reference has been made, using the

terms, "and the descendants of such as are dead." Item six devises the remainder of the land given to his wife for life, and to all of his children "and the descendants of such as may be dead (they to receive the part respectively which their parents would have received if alive)." Following this, the will provides for withholding certain advancements that had been made. In the provision in reference to advancements, it is provided that where children to whom the testator had made the advancements were dead, the advancement made to the parent should be deducted from the share of the children.

These provisions in the deed and will, considered together, make the conclusion clear that it was the purpose of the testator to give his living children an equal share of his estate, and to give to the children of those who were dead the portion that would have gone to the parent if living. The

4. purpose in construing a will is to ascertain the intention of the testator, and to carry it out so far as it may not interfere with the established rules of law. *Fowler* v. *Duhme* (1896), 143 Ind. 248; *Burton* v. *Carnahan* (1906), 38 Ind. App. 612. The broad import of the term "descendants" is sometimes narrowed, when there is

5. a ground for judging that it was intended in a restricted sense. Thus the word "issue," which is coextensive with "descendants," and includes every degree (*Davenport* v. *Hanbury* [1796], 3 Ves. *257; *Freeman* v. *Parsley* [1797], 3 Ves. *421; *Oddie* v. *Woodford* [1821], 3 Myl. & Cr. [14 Eng. Ch.] *584; *Bernal* v. *Bernal* [1838], 3 Myl. & Cr. [14 Eng. Ch.] *559), has been restrained to the sense of "children." *Horsepool* v. *Watson* (1797), 3 Ves. *383; *Farrant* v. *Nichols* (1846), 9 Beav. 327; *Edwards* v. *Edwards* (1849), 12 Beav. 97; *Swift* v. *Swift* (1836), 8 Simons 168; *Goldie* v. *Greaves* (1844), 14 Simons (37 Eng. Ch.) *348. In *Sibley* v. *Perry* (1802), 7 Ves. *522, the gift was to J. R. and M., if living, but in the event of death "the lawful issue of every one of them shall equally have and

enjoy the share which their respective parents, if living, would have had;'' and Lord Eldon held that, as the
3. word parent meant father or mother, the correlative term issue meant children.'' In the case at bar, said item six gives the property referred to

> ''to all my children and the descendants of such as may be dead (they to receive the parts respectively which their parents would have received if alive), to be distributed equally between them share and share alike as soon as said residue is converted into money,'' etc.

This provision is qualified by the limitation that the descendants are to receive the parts that their parents would have received if living. From these provisions we may reasonably conclude that the testator intended to regard each deceased child as a stock of descent, and while using the word ''descendant'' in the sense of children or descendants of children, still had regard for representation. It would be unreasonable to suppose that the testator intended that the children of a deceased child should take coëxtensive with the child. The use of the term ''descendants'' as correlative of ''parents'' is sufficient to restrain the general import of the word ''descendants,'' so that grandchildren, whose parents were living, could not take with their parents. This construction lets in children to equal shares, and the grandchildren to the share their parents would have taken if living. On the testator's death and the acceptance of the deed, the estate became vested in the children then living and the descendants of those then dead, *per stirpes*. But as there were none dead, the estate vested in the children.

Judgment affirmed.