## INDIANAPOLIS TRACTION AND TERMINAL COMPANY *v.* HOWARD.

[No. 22,808. Filed June 24, 1920. Rehearing denied January 13, 1921.]

1. TRIAL.—*Objections to Evidence.—Sufficiency.*—An objection that evidence is incompetent, irrelevant and immaterial is too indefinite to present any question as to its admissibility. p. 98.

2. STREET RAILROADS.—*Motorman's Duty at Crossing.*—It is the duty of a motorman of a street car approaching a crossing to use ordinary care in the exercise of the senses of sight and hearing and to keep his car under control. p. 100.

3. STREET RAILROADS.—*Crossing Accident.—Employes Error of Judgment.—Liability.*—A street car company is not liable for an error of judgment of its motorman when danger of collision with a vehicle is imminent. p. 100.

4. STREET RAILROADS.—*Crossings.—Motorman's Duty.—Ordinary Care.*—Ordinary care requires the servants of a street car company on approaching a crossing to stop or slow up the car, if by so doing they can avoid a collision. p. 100.

5. TRIAL.—*Instructions.—Duty of Court to Construe Ordinance.*—In an action by a city fireman for injuries received in a collision with the defendant's street car, it was the trial court's duty to construe and explain the legal effect of an ordinance introduced in evidence by the plaintiff. p. 101.

6. STREET RAILROADS.—*Crossings.—Duty of Motorman.—Presumption.*—A city fireman has the right when approaching a crossing to rely upon the observance by street car employes of an ordinance giving the fire department the right of way. p. 101.

7. TRIAL.—*Instruction.—Completeness.*—It is only where an instruction assumes to set out all the elements necessary to a recovery that the omission of any essential element will condemn the instruction. p. 101.

8. TRIAL.—*Instructions.*—*Considered as a Whole.*—All the instructions given in a cause are to be construed with reference to each other, and the entire charge is to be taken as a whole; and, where the instructions, as a whole, are consistent and state the law correctly, they are not objectionable on the ground that the whole of the law is not fully stated in one or more of the separate parts. p. 104.

From Johnson Circuit Court; *William E. Deupree,* Judge.

Action by Thomas Howard against the Indianapolis Traction and Terminal Company. From a judgment for the plaintiff, the defendant appeals. *Affirmed.*

*L. E. Slack, D. E. Watson* and *W. H. Latta,* for appellant.

*Forney & Curtis, H. N. Spaan* and *E. W. Felt,* for appellee.

WILLOUGHBY, J.—This was an action by appellee against appellant for personal injuries sustained by appellee in a collision between one of appellant's cars and a hose wagon, upon which appellee was riding as an employe of the city of Indianapolis in the capacity of fireman. The collision occurred at the intersection of East Sixteenth street and College avenue, in the city of Indianapolis.

The only error assigned is the overruling of appellant's motion for a new trial. The only question presented by appellant's brief is error of the trial court in giving, at appellee's request, instructions Nos. 1, 3, 4, and 5 tendered by appellee.

In point 5 of its brief appellant says: "It was error to permit the introduction in evidence of Ordinance No. 1277 of the city of Indianapolis," and says that the appellant objected to the introduction of this ordinance and moved to strike it out after it had been admitted by the court, and its motion was overruled. No ground or reasons are stated for objecting

to the introduction of said ordinance or for striking it out after it had been read in evidence. When objections are made to the admission of evidence, the grounds of the objection must be fully and definitely stated; and an objection that evidence is incompetent, irrelevant and immaterial is too indefinite to present any question as to the admissibility of the evidence. *Marietta Glass Mfg. Co.* v. *Pruitt* (1913), 180 Ind. 434, 102 N. E. 369; *Hammond, etc., Electric R. Co.* v. *Antonia* (1908), 41 Ind. App. 335, 83 N. E. 766; *Hicks* v. *State* (1905), 165 Ind. 440, 75 N. E. 641; *Mortgage Trust Co.* v. *Moore* (1898), 150 Ind. 465, 50 N. E. 72.

In *Roach* v. *Cumberland Bank* (1916), 60 Ind. App. 548, 111 N. E. 320, the court holds that no question is presented on the admission of evidence where appellant's brief does not disclose what, if any, objection was made to its admission. In *German Fire Ins. Co.* v. *Zonker* (1915), 57 Ind. App. 696, 108 N. E. 160, it was held that the question of the admission or exclusion of evidence was not properly presented when appellant's brief did not show what objection was made to the introduction of such evidence.

As appellant's brief does not show any valid reasons or grounds of objection, no question is raised on the admission of said ordinance in evidence. The ordinances in evidence are as follows:

"No. 1282. Be it ordained by the Common Council and Board of Aldermen of the city of Indianapolis, That the privilege of the streets of said city be, and the same is hereby granted to the city fire engines, Chief Fire Engineer, hook and ladder wagons, and hose reels of said city, and the same are not limited as to speed while in the discharge of duty; Provided, however, that all such engines and wagons shall be provided with gongs, which shall be sounded at short intervals by the driver or other person, when going at a rapid rate of speed on any of the streets of said city."

"No. 1277. And be it enacted and ordained that should any person or persons injure, deface, or in any manner destroy any city fire apparatus, or should any person or persons hinder or obstruct any city fire company or hook and ladder company, or any member thereof, from freely passing along the streets of the city, to and from a fire or in any manner hinder or prevent any of the companies, or any member of the same, from operating at any fire, each and every person so hindering, obstructing or preventing shall be fined not less than $5 or more than $20, to be recovered as other city fines are recovered."

In instruction No. 1 the jury are told that, if they find from the evidence that the conductor or motorman could have heard the sounding of the gong on the hose wagon in question when a collision with the hose wagon could have been avoided by slowing up or stopping the car, it was the duty of defendant's servants to avoid the collision by slowing up or stopping the car. The objections urged against this instruction are that there is no ordinance introduced which lays upon the street railway the duty of doing the specific act mentioned in the instruction; that §1282 of the ordinances gives "the privilege of the streets to fire apparatus"; that it does not lay upon any citizen the duty of yielding the right of way nor of slowing up or stopping whenever he hears a fire-bell ringing.

It was the duty of appellant's servants to use ordinary care in the exercise of the senses of sight and hearing. It was the duty of the motorman to use 2-4. ordinary care to keep his car under control. The appellant would not be liable for an error in judgment on the part of the motorman when danger of collision was imminent, but would be liable for the motorman's conduct in approaching the crossing at a high rate of speed without having his car under control. Ordinary care would require

Indianapolis Traction,, etc., Co. *v.* Howard—190 Ind. 97.

the servants of appellant to stop or slow up the car if by so doing they could avoid a collision. The appellant concedes that under the ordinance the plaintiff had the right of way. Appellant's instruction No. 5, given by the court, says: "An. ordinance has been introduced in evidence whereby the city of Indianapolis gave the fire department the right of way."

Appellant complains because the court gave to the jury, at appellee's request, instruction No. 3. In this instruction the court defined appellee's rights under the ordinance in question and what the ordinance meant. It was the duty of the court to construe the ordinance, and to give to the jury its legal effect. The appellee had the right to rely upon the observance of the ordinance in question by the servants of appellant. *Indianapolis Traction, etc., Co.* v. *Hensley* (1917), 186 Ind. 479, 115 N. E. 934, 117 N. E. 854.

Appellant complains that this instruction does not embrace negligence and contributory negligence. It was not necessary that it should, as in instructions Nos. 13 and 14, given by the court of its own motion, negligence is correctly defined, and in instructions Nos. 2, 3, 4, 5, 6, 8, 9, 12 and 13, given at request of defendant, negligence and contributory negligence are fully discussed and the jury fully instructed upon these subjects as applied to the evidence in this case.

Appellant complains of instructions Nos. 4 and 5, given at request of plaintiff, and says that they ignored all the surrounding facts and circumstances which the jury would have a right to consider in deciding whether there was contributory negligence. But it must be remembered that it is only where an instruction assumes to set out all the elements necessary to a recovery that the omission of any essential element will condemn the instruction. *Public Util-*

ities Co. v. Handorf (1916), 185 Ind. 254, 112 N. E. 775. As before stated, in numerous instructions given, the jury was fully instructed on the questions of negligence and contributory negligence arising in this case. The fact that an instruction fails to take into account the question of contributory negligence does not make the instruction bad when it does not purport to state the entire law of the case, and when other instructions were given which covered the question of contributory negligence.

In instruction No. 2, requested by defendant, the court said: "Any negligence, however slight, on the part of the plaintiff in this cause which proximately contributed to his injury, if established by a fair preponderance of the evidence, would be a complete defense to this action, whether the defendant was negligent or not. If, therefore, you find from the evidence that the plaintiff was negligent, and that the defendant was not negligent, or, if you find that both parties are guilty of negligence, which proximately contributed to plaintiff's injury, your verdict should be for the defendant."

And in instruction No. 3, given at request of defendant, the court said: "The plaintiff in this case was under the duty in driving his team along Sixteenth Street, of exercising ordinary care, which is that degree of care which a man of ordinary prudence and forethought would probably have exercised for his own safety. The plaintiff did not have the right to assume that every person on the highway would get out of the way of his team and wagon, even if the ordinance of the city of Indianapolis did give him the right of way. The ordinance of the city of Indianapolis could not authorize the plaintiff to be negligent. The court instructs you that no matter what ordinances were in

force in the city of Indianapolis, the law still required the plaintiff to exercise ordinary care."

And in instruction No. 4, requested by the defendant, the court said: "The plaintiff in this case in driving his team down Sixteenth Street and approaching College Avenue, if you find he was driving said team or in control thereof, was bound to take notice of the fact that said Streets were public highways and of the frequency by which they were constantly used by the traveling public, and taking these facts into consideration, the plaintiff was bound to conduct himself as a man of ordinary prudence would have done under the same or like circumstances, and failure upon his part to do so would constitute negligence."

Instruction No. 5, given at the request of the defendant is as follows: "An ordinance has been introduced in evidence whereby the city of Indianapolis gave the fire department the right of way. The force and effect of this ordinance is that the drivers of the fire department would not be guilty of any misdemeanor by reason of their speed for which they could be arrested and fined, but such ordinance does not give the members of the fire department, and did not give the plaintiff in this case, the right to run at a negligent rate of speed, and, so far as their civil rights are concerned, the drivers of the fire department apparatus are required by law to exercise ordinary and reasonable care as to the rate of speed and control which they should exercise over the horses and apparatus in their charge and if the circumstances at any given crossing were such that a man of reasonable and ordinary prudence would have slowed up or stopped the speed of his fire apparatus in driving the same upon and over such crossings, then I instruct you that it was the duty of the plaintiff to do so, if you find he was driving said

team or was in control thereof, and failure upon his part in that respect would constitute negligence irrespective of any ordinance."

It will be observed that in this instruction, No. 5, the jury are advised as to the duties of the plaintiff in regard to the speed at which he was going, and the care required to be exercised by him under the circumstances. It also told the jury that there was an ordinance of the city of Indianapolis introduced in evidence which gave the fire department the right of way.

All the instructions given in a cause are to be construed with reference to each other, and the entire charge is to be taken as a whole and not in detached parts. If it is consistent with itself, and taken together states the law correctly, it is not subject to objection even if the whole of the law upon a particular head is not fully stated in one or more of the separate parts of such charge. *Cooper* v. *State* (1889), 120 Ind. 377, 22 N. E. 320; *Hamilton* v. *Love* (1899), 152 Ind. 641, 53 N. E. 181, 54 N. E. 437, 71 Am. St. 384; *Epps* v. *State* (1885), 102 Ind. 539, 1 N. E. 491.

In instruction No. 7, given by the court of its own motion, the jury are told that the court has not attempted to embody the law of the case in any one instruction, and that in construing any single instruction they must consider it in connection with all other instructions given them, and consider such instructions in harmony with each other. When all the instructions are considered together, they show that appellant was deprived of no substantial right; that the instructions are as favorable to appellant as the law warrants. . No reversible error being shown, the judgment is affirmed.

Lairy, J., dissents.