NICHOLAS SCHOONHOVEN, Appellant, *v.* JAMES B. GOTT, Appellee.

### APPEAL FROM KANE.

The variance in names between Schoonhoven and Schoonhover is material, and when such variance exists between the writ and declaration, the court should, on motion, dismiss; unless the proof should be, that the party was as well known by one name as the other; upon a proper state of pleading.

The entry of a motion to quash, is not such an appearance, as would amount to a waiver of a variance between the writ and declaration.

THIS was an action of assumpsit, commenced in the Kane County Circuit Court, at April term, 1856. On said day the appellee filed in the clerk's office of said court, a precipe, security for costs and declaration in the cause; in each of which papers the plaintiff is named, James B. Gott, and the defendant Nicholas Schoonover.

A summons was issued, and therein the parties are named James B. Gott, plaintiff, and Nicholas Schoonhoven, defendant, which was served on appellant, and filed as the writ in the cause.

At February term, 1857, the appellant filed a motion in writing, alleging that the writ was against Nicholas Schoonhoven, and the declaration against Nicholas Schoonover, and therefore there was a variance between the writ and declaration, and praying the dismissal of the suit on account thereof; motion was supported by affidavit; which motion the court overruled; to which decision of the court the appellant excepted, and the appellant appearing no further in the case, the court, J. G. WILSON, Judge, presiding, rendered judgment against him.

The appellant prayed an appeal and brings the cause here, and assigns for error the decision of the court overruling said motion and rendering judgment against appellant.

S. WILCOX, for Appellant.

J. M. WALKER, for Appellee.

WALKER, J. This was an action of assumpsit brought in the Kane Circuit Court. The summons was against Nicholas Schoonhoven, and the return shows service by that name. The precipe, the bond for costs and the declaration, were all entitled against Nicholas Schoonover. At the February term, 1857, the defendant entered his motion to dismiss the suit for a variance between the summons and declaration, which was overruled, and the court rendered judgment against defendant and assessed the plaintiff's damages. And to reverse that judgment, the defendant brings the case here by appeal, and assigns for error the overruling the motion to dismiss, and the rendition of the judgment by the court below.

The question presented by the record in this case for our consideration, is, whether there was a variance between the names in the summons and declaration. It is a general rule in pleading, that the declaration should pursue the writ in regard both to the Christian and surnames of the parties, and where there is such a difference as not to be the same in sound, the variance might be plead in abatement, but the misspelling is not, however, material if the two names are the same in sound. 1 Chit. Pl. 245.

In the application of this rule, it was held in the case of *The King* v. *Shakespeare*, that the names Shakepear and Shakespeare were not the same, and a plea in abatement for the variance was held good on demurrer; 10 East R. 83. In 4 Bac. Abr., letter A, title Misnomer, 752, it is said that Rudulphus and Rodalphus are not the same names, there being a material variance in the sound. It was held by the Supreme Court of Arkansas, 2 Spear 46, that Willison and Willitson are not the same. And the rule that the names must be the same in sound is recognized by all of the English and American courts. Then when we test the present case by this rule, it is obvious that the variance is clear and distinct, the only similarity being in the first syllable, the latter portion of the names being different both in the sound and in the orthography. The variance is certainly as marked as in either of the above cases.

If the proper name was used in the summons, then the plaintiff could have amended his declaration on leave of the court,

so as to obviate the variance ; and if the correct name was used in the declaration, the defendant had a right to plead the variance in abatement of the writ, or move to quash, and the plaintiff could not avoid it unless by replication and proof that defendant was as well known by the one name as the other.

The mere entry of a motion to quash the writ or dismiss the suit, is not such an appearance as waives a variance between the writ and declaration, and the variance in this case was not cured by the motion of the defendant.

The court is of opinion that the variance in this case was material, and that the judgment should be reversed and the cause remanded.

*Judgment reversed.*