## Zann et ux. *v.* Haller.

### No. 7927

Mortgage.— *What constitutes .Execution.—Husband and Wife.—Name.—* Where, in the execution of a mortgage by a husband and wife, the latter signed such mortgage by her christian name only, her name in full appearing in the premises thereof as well as in the certificate of acknowledgment thereto, such signing is sufficient, and the wife will be bound thereby.

SAME.—*Disability of Married Woman as to Signing Name.*—No disability exists in this State against a married woman, which goes to the method merely of her signing a contract or mortgage.

SIGNATURE.—*Method of Signing.*—" *Subscribed.*"—" *Duly Signed.*"—Where the statutes of this State prescribe no method of signing different from that which was sufficient previous to and at the time they were enacted, the words "subscribed," "duly sworn," etc., used therein, mean the same method of signing that was sufficient at the time of their enactment.

From the Clark Circuit Court. ·

*J. H. Stotsenburg* and *S. S. Johnson,* for appellants.

BIDDLE, J.—The appellee brought this suit on a promissory note, and a mortgage upon certain lands to secure its payment, praying for judgment on the note, and a decree of foreclosure upon the mortgage.

The complaint avers, that the note was executed by Rudolph Zann, by the name of R. Zann, and that the mortgage was executed by the said Zann, by the name of R. Zann, and by " Catharine Zann, his wife, by the name of Catharine." The mortgage which is made an exhibit, is dated the 26th day of August, 1868, and signed " R. Zann. [Seal.] Catharine. [Seal.] " In the premises of the mortgage, the name of Catharine Zann is written in full. It was acknowledged before a notary public by the makers, and the acknowledgment certified by the notary in their full names, Rudolph Zann and Catharine Zann.

A demurrer by Catharine Zann to the complaint, for the alleged want of facts, was overruled. Rudolph Zann answered the complaint in two paragraphs — denial and payment.

Catharine answered as follows:

" For separate answer to the complaint of the plaintiff herein, the said Catharine Zann says, that she is now, and was before, and on and ever since, the 26th day of August, 1868, the lawful wife of her co-defendant, Rudolph Zann, and she has been his wife for more than twelve

years last past, continuously; and she avers that she, the said defendant, never at any time duly signed, sealed and acknowledged the said mortgage, sued on and attached to the complaint; and that her name is Catharine Zann, and was such at the time the said mortgage was presented to her for her signature; that the exact circumstances were these: She took her pen and wrote her christian name ' Catharine ' only, and no more, and she did not then and there, or at any time since, write her surname ' Zann ' thereto; and by reason of her failure to write her said surname, the said signature was incomplete, and she avers that she never did at any time sign the said mortgage—all of which she is ready to verify."

This paragraph is sworn to by Catharine Zann.

The plaintiff replied to the second paragraph of Rudolph Zann's answer, and demurred for the want of facts to the separate answer of Catharine Zann. His demurerr was sustained, and exceptions reserved. Trial by the court; finding and judgment for the appellee; appeal.

The assignments of error here are, overruling the demurrer to the complaint, and sustaining the demurrer to the separate answer of Catharine Zann.

The only question discussed in the briefs of the parties may be stated as follows: Is the signing of Catharine Zann, by her christian name " Catharine " only, a sufficient execution of the mortgage on her part?

There can be no doubt of the identity of Catharine Zann, as to her being the person who signed the mortgage by the name of " Catharine " alone, and who acknowledged its execution before the notary public.

" The object of names being merely to distinguish one person from another, it seems to be sufficient if this is effected, though the true name of the party be not used, or even no name at all. The general principle of law is, *id certum est quod certum reddi potest,* and a man may be

described by his office or his relationship to a known person." 3 Washb. Real Prop. 236.   By the common law, deeds were executed by the seal of the grantor without any signature.   The statute 29 Charles II., c. 3, requires that in all grants of lands the deed must be signed.   2 Bl. Com. 306.   See also our own statute, 1 R. S. 1876, p. 504, sec. 3.

In the case of *Lemayne* v. *Stanley*, 3 Lev. 1, where a testator had written his will himself, and sealed it, but had not signed it, the court held it sufficient.   See also *Warneford* v. *Warneford*, Strange, 764.

In the case of *Baker* v. *Dening*, 8 A. & E. 94, it was held, that, under the statute of frauds, making a mark by the devisor, to a will of real estate, is a sufficient signing; and it is not necessary to prove that he could not write his name at the time.   See also *Ellis* v. *Smith*, 1 Ves. 10; *Harrison* v. *Harrison*, 8 Ves. 185; *Addy* v. *Grix*, 8 Ves. 504.

It has been held in New York, that, where a party placed the figures "1. 2. 8.," upon the back of a bill of exchange, by way of substitute for his name, intending thus to bind himself as endorser, it was a valid endorsement, though it appeared he could write.   *Brown* v. *The Butchers & Drovers' Bank*, 6 Hill, 443.

In California, it has been held that the execution of a deed by *Edward* Jones, by the name of *Edmond* Jones, is sufficient.   *Middleton* v. *Findla*, 25 Cal. 76.   See also *Colton* v. *Seavey*, 22 Cal. 496, and *Tustin* v. *Faught*, 23 Cal. 237.

In this State, it has been held that the execution of a promissory note by a mark preceding the name of the maker, without any thing on the face of the note to show that it was the mark of the maker, as follows: "   .    Joseph Shank," is a sufficient execution of the note without witnesses.   *Shank* v. *Butsch*, 28 Ind. 19.

As to what constitutes a legal name generally, see *Schofield* v. *Jennings,* 68 Ind. 232.

It is to be noticed that in the cases above cited, of peculiar signatures, different from the full or true name of the party signing, the instruments were executed by persons not laboring under any legal disability to contract. In this State, a married woman can not execute a mortgage except by authority of statute. It remains for us to consider, therefore, whether the statutes in such case require any different mode of signing a mortgage from that which existed before and at the time they were enacted.

The statute of frauds enacts:

" Sec. 3. Every conveyance, of any existing trust in lands, goods, or things in action, unless the same shall be in writing, signed by the party making the same, or his lawful agent, shall be void." 1 R. S. 1876, p. 504.

In the statute concerning the alienation of lands, it is enacted :

" Sec. 4. Conveyances of lands, or of any interest therein, shall be, by deed in writing, subscribed, sealed and duly acknowledged by the grantor, or by his attorney; except *bona fide* leases for a term not exceeding three years." 1 R. S. 1876, p. 362.

The same act provides that deeds conveying lands, " being dated and duly signed, sealed and acknowledged by the grantor, shall be deemed and held to be a conveyance," etc. Sec. 12. It also provides that a " mortgage being dated and duly signed, sealed and acknowledged by the grantor, shall be deemed and held to be a good and sufficient mortgage to the grantee," etc. Sec. 15.

In the ninth clause of section 1 of the act in relation to the construction of statutes and the definition of terms, it is declared that, " in all cases where the writen signature of any person is required, the proper handwriting of such

person or his mark shall be intended." 2 R. S. 1876, p. 316.

Whatever disability may exist in this State against a married woman to contract, generally, or to execute a mortgage jointly with her husband, in particular, we do not perceive any disability which goes to the method of merely signing a contract or mortgage. The words "subscribed," "duly signed," etc., as used in the statutes above cited, as the statutes prescribe no method of signing different from that which was sufficient previous to and at the time they were enacted, must be held to mean the same method of signing which was sufficient at the time they were so enacted. This seems to us very clear; especially so, as the last statute cited declares that making a mark shall be intended to mean a signing according to the terms of the several statutes. This course of reasoning, supported by the authorities, and not contradicted by any statute, convinces us that the signing of the mortgage in this case by Catharine Zann, in the manner she did, is sufficient, and that she is bound thereby.

The judgment is affirmed, at the costs of the appellants.