## Hicks v. The State.

[No. 20,499. Filed November 2, 1905.]

1. APPEAL AND ERROR.—*Evidence.*—*Introduction of.*—*Objections.*—An objection that certain offered evidence was "incompetent, irrelevant and immaterial, and throws no light on the issues in the case," presents no question on appeal. p. 441.

2. EVIDENCE.—*Witnesses.*—*Credibility.*—*Insanity.*—The proceedings in an examination by a commission as to the sanity of a state's witness in 1899 is not competent as affecting the credibility of such witness in 1905. p. 441.

3. WITNESSES. — *Impeachment.* — *Corroboration.*—Where a witness is impeached by evidence of contradictory statements, he may be supported by corroborating statements made at about the same time as the alleged contradictory statements. p. 441.

4. EVIDENCE.—*Witnesses.*—*Corroboration.*—Where a witness is impeached by proof of contradictory statements, only the parts of corroborating statements which tend to corroborate the statements contradicted are admissible. p. 442.

From Criminal Court of Marion County (34,360) ; *Fremont Alford,* Judge.

Prosecution by the State of Indiana against Ella Hicks for murder. From a judgment of conviction, defendant appeals. *Reversed.*

*Henry Seyfried* and *Charles J. McGroarty*, for appellant. *Charles W. Miller*, Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake*, for the State.

·Monks, C. J.—Appellant was found guilty of murder in the second degree upon an indictment charging her with murder in the first degree.

The only error properly assigned and not waived calls in question the action of the court in overruling appellant's motion for a new trial.

Complaint is made of the rulings of the court in admitting certain evidence over the objection made by appellant that the same "was incompetent, irrelevant and immaterial, and throws no light on the issues in the case." It has been uniformly held by this court that such grounds of objection stated in the trial court were too indefinite, uncertain and general to present any question. *Musser* v. *State* (1901), 157 Ind. 423, 430, 431, and cases cited; *Mortgage Trust Co.* v. *Moore* (1898), 150 Ind. 465, 470.

1. Counsel for appellant insist that the court erred in refusing to permit them to read in evidence the proceedings of an examination by a commission as to the sanity of a witness on behalf of the State, instituted in 1899 before justices Smock and Lockman, of Marion county, Indiana, for the purpose of determining whether she was a proper subject to be admitted for treatment to the hospital for insane. These proceedings were offered in evidence as affecting the credibility of said witness, and were properly excluded. *Naanes* v. *State* (1896), 143 Ind. 299, 303-305; *Goodwin* v. *State* (1884), 96 Ind. 550, 564.

2. Kate McCotter, a witness for the State, testified that she was present at the altercation between appellant and Joseph Iddings, the deceased, and saw appellant fire the shot which caused the death of said Iddings, and gave an account of all that occurred at the time. On cross-examination, she was asked by counsel for appellant

if she had not stated to certain persons—naming them—
that she was not present when the trouble between appellant
and Iddings occurred; that she was not present when the
shot was fired and Iddings was killed. She answered that
she had not made said statements. To impeach said witness
appellant called witnesses who testified that they heard the
witness McCotter make said statements. In rebuttal, the
State, to support said witness, proved by an employe in the
coroner's office all the evidence given by said Kate McCotter
at the coroner's inquest, including not only her testimony
that she was present at the altercation between appellant and
Iddings, and when the fatal shot was fired, but, over appel-
lant's objection, what she testified was said and done by ap-
pellant and the deceased at the time he was killed.

It is settled law in this State that in cases where a witness
is contradicted by evidence of statements different from those
made at the trial, and the contradiction is by way of im-
peachment, the party by whom the witness was called may
prove statements made about the time the contradictory
statements are alleged to have been made in harmony with
those made by the witness at the trial. *Coffin* v. *Anderson*
(1837), 4 Blackf. 395, 398, 399; *Beauchamp* v. *State*
(1842), 6 Blackf. 299; *Daily* v. *State, ex rel.* (1867), 28
Ind. 285; *Brookbank* v. *State, ex rel.* (1876), 55 Ind. 169,
172; *Carter* v. *Carter* (1881), 79 Ind. 466; *Dodd* v. *Moore*
(1883), 92 Ind. 397, 398; *Hodges* v. *Bales* (1885), 102
Ind. 494, 500; *Hobbs* v. *State* (1893), 133 Ind. 404, 407,
408, 18 L. R. A. 774; *Hinshaw* v. *State* (1897), 147 Ind.
334, 372; 2 Elliott, Evidence, §§991, 994; Ewbank, Ind.
Trial Ev., §§158, 166.

This rule, however, does not authorize the admission of
all prior statements of the witness in harmony with his testi-
mony at the trial, but only such as are in harmony
4.   with the part of his testimony which has been con-
tradicted by the alleged contradictory statements
given in evidence. Evidence of such contradictory state-

ments and such consistent statements of a witness not a party can only be considered for the purpose of determining the credit to be given to the evidence of such witness, and can not be regarded as otherwise affecting the issues in the cause. *Davis* v. *Hardy* (1881), 76 Ind. 272, 281; *Allen* ,v. *Davis* (1885), 99 Ind. 216, 217. While to sustain the witness McCotter the State was entitled, under the rule stated, to prove that she made statements that she was present, or to the effect that she was present, when the trouble occurred between appellant and Iddings, and at the time he was killed, and that she saw and heard the same, the State was not entitled to prove that part of her testimony at the coroner's inquest, or that part of her statements, if any, made elsewhere, in which she gave an account of what was said and done during said difficulty.

Other questions are argued, but, as they may not arise on another trial of this cause, they are not considered.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion. ·