IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1912, AND MAY
TERM, 1913, IN THE NINETY-SEVENTH
YEAR OF THE STATE.

## EIGENMANN *v*. BOARD OF COMMISSIONERS OF THE COUNTY OF VANDERBURGH ET AL.

[No. 7,813. Filed March 7, 1913.]

1. COUNTIES.—*Bridges.—Contracts.—Bids.—Discretion of Board of Commissioners.*—Under the provisions of §5896 Burns 1908, Acts 1907 p. 580, that contracts shall be let to the lowest responsible bidder, and that the board of commissioners shall have power to reject any and all bids, or under §7689 Burns 1908, Acts 1905 p. 521, providing that the board may let the contract to the lowest and best bidder, and that it may reject any and all bids, the board of county commissioners is vested with some discretion in passing on bids submitted for the construction of a bridge. p. 3.

2. COUNTIES.—*Bridges.—Contracts.—Bids.—Discretion of Board of Commissioners.—Evidence.*—In a taxpayer's action to enjoin the carrying out of certain contracts for the construction of bridges, the decision of the trial court, that the rejection of a certain bid by the board of commissioners was not arbitrary and was not an abuse of the discretion vested in such board, was warranted by evidence showing that the experience of the board with the successful bidders with reference to the performance of other contracts, had been entirely satisfactory, that the accepted bid on one bridge was $28 higher than the rejected bid, and $30 higher as to the other bridge, that the past personal experience of the board with the representative of the lower bidder in the construction of bridges had been unsatisfactory, that such representative was a director and vice-president of the company that

submitted the low bid, and that in awarding the contracts the board considered such facts and also the character of the work to be performed and the ability of the bidders to perform same. p. 4.

3. COUNTIES.—*Contracts.*—*Bids.*—*Affidavit of Bidder.*—*Signatures.* —*Conclusiveness of Notary's Jurat.*—A bidder's noncollusion affidavit, containing the matters prescribed by statute (§5897 Burns 1908, Acts 1907 p. 580) and signed "Grammer & Smith" and bearing the jurat of a notary showing that it was subscribed and sworn to, is sufficient in the absence of evidence that it was not individually signed by the two men, since the use of one's Christian name is not material to the validity and binding effect of his signature. p. 5.

From Superior Court of Vanderburgh County; *John H. Foster,* Judge *Pro Tem.*

Action by Henry W. Eigenmann against the Board of Commissioners of the County of Vanderburgh and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Robinson & Stilwell,* for appellant.

*Daniel H. Ortmeyer* and *Spencer, Brill & Hatfield,* for appellees.

IBACH, C. J.—This action was brought by appellant Eigenmann as a taxpayer of Vanderburgh County, Indiana, to enjoin appellees from carrying out certain contracts entered into between appellees Ruston, Hornby and Koch, as the board of county commissioners of Vanderburgh County, and appellee Whitehead, and appellees Grammer & Smith, as contractors for the erection of certain bridges. It appears that in June, 1910, pursuant to advertisement, the board of commissioners opened three bids for each of two bridges, known as the Ehrhardt bridge and the Wartman bridge. Grammer & Smith bid $895 on the Ehrhardt bridge and $1,100 on the Wartman bridge, Whitehead bid $875 on the Ehrhardt bridge, and $1,122 on the Wartman bridge. The A., E. & W. Construction Company bid $847 on the Ehrhardt bridge, and $1,070 on the Wartman bridge.

The board awarded the contract for the Ehrhardt bridge to Whitehead, and that for the Wartman bridge to Grammer & Smith.

The theory of the complaint is that the board arbitrarily refused to consider the bid of the A., E. & W. Construction Company, although it was the lowest responsible bidder on each bridge, and had complied with all the requirements of the statute respecting the submission of bids, and that the firm of Grammer & Smith, to whom the board let the contract for the Wartman bridge and was about entering into a contract therefor, had failed to comply with the statute requiring each bidder to accompany his bid with an affidavit of noncollusion with other bidders, that the board was without power or authority to let the contracts as it was preparing to do, and plaintiff asks that it be enjoined from so doing.

Appellant contends that the letting of contracts for bridges is governed by §5896 Burns 1908, Acts 1907 p. 580, which provides that the board shall "let the same to the lowest responsible bidder upon the terms of the notice mentioned and on the plans and specifications so deposited, as in this act provided: *Provided,* the said board of commissioners shall have the power to reject any and all bids, and may again advertise for bids." Appellees are disposed to consider that the matter is governed by §7689 Burns 1908, Acts 1905 p. 521, which provides that the board may "let the contract to the lowest and best bidder, if his bid be reasonable, and may enter into written contract with him. But the board may reject all bids and readvertise for other bids." However, in our opinion, under either statute the result would be the same, and we may, for the purposes only of deciding this appeal, grant appellant's contention that §5896, *supra,* controls. Under statutes providing that contracts shall be let to the lowest responsible bidder, the board is given some discretion, as well as under statutes which provide that contracts may be let to the lowest and best bidder. *Boseker* v. *Board, etc.* (1882), 88 Ind. 267;

*Ness* v. *Board, etc.* (1912), 178 Ind. 221, 98 N. E. 1002. The statute under consideration further gives the board power to reject any and all bids.

The evidence perhaps shows that the A., E. & W. Construction Company had filed a sufficient bond, and that it had built satisfactorily some bridges in counties adjoining Vanderburgh. But it appears from appellees' evidence that appellant, Eigenmann, vice-president of said company, which was an organization then but a few months old, had shortly before the time of letting the contracts in question built a bridge for the same board of commissioners of Vanderburgh County against which this suit is brought. Some difficulty arose between the board and Eigenmann about this bridge. The board required him to change the walls of the bridge after they had been partially erected, there was much delay in the completion of the work, the board made five or six trips of inspection before the work was finally completed and accepted, they were troubled with complaints that Eigenmann obstructed the highway with his materials, and at one time the board was so much dissatisfied with the work that it considered bringing a suit on his bond as a contractor. Appellant's evidence contradicts much of the above, and there is a strong conflict in the evidence.

Eigenmann was a stockholder in and a director and vice-president of the A., E. & W. Construction Company, and appeared as its representative in seeking the contract. It probably was not amiss for the board to conclude that the work which the company would do would be similar to that which its representative had done. All of the members of the board testified that all the bids were considered, that none was arbitrarily rejected, and that the bid of the A., E. & W. Construction Company received the same consideration as the others. One member testified, in addition, that the board in considering the bids of this company took into account the kind of bridge to be built, the knowledge the company's men had in building a bridge, what its men had done before for

the board, the differences in the amounts bid, which were $28 on one bridge and $30 on the other, and made the awards as it thought best for the county, with no other object in view. That it did not consider the A., E. & W. Construction Company the best bidder, nor its bid equal to the other bids, and that it had never had any trouble with the other bidders, "they go out and know just what to do and go and do it." In view of the discretion allowed the commissioners by the statute and the decisions construing it, and on reviewing the evidence submitted, we cannot say that the court erred in deciding that the board had not arbitrarily rejected the bid of the A., E. & W. Construction Company, and had not abused its discretion.

3. The affidavit of Grammer & Smith was a verified statement made on the form furnished by the state board of accounts, containing the matters prescribed by §5897, *supra,* and concluding as follows:

"Affiant declares that he has carefully read the provisions of the above and foregoing statement and understands them.

(Signed) Grammer and Smith.
(Address) Evansville, Indiana.

Subscribed and sworn to before me, this 30th day of June, 1910.

Margaret Sihler,
Notary Public.

Commission Expires, September 15, 1911."

Appellant claims that this affidavit was not signed by any one, that a signature in the firm name is not a sufficient signature, and that the statute required that Grammer and Smith should each sign and be sworn to the affidavit. We believe that it appears from the record that the affidavit was signed by Grammer and by Smith. The notary's jurat is a certification that the affidavit was signed and sworn to by the persons who purported to sign it and no evidence was introduced to contradict the jurat. This court cannot say that both Grammer and Smith did not sign the affidavit. It is

immaterial that their Christian names are not given. Grammer could have signed the affidavit and the bid and the contract, and in fact, any contract, by the one name, "Grammer." Smith could likewise have signed by the name "Smith." Such signatures would have been valid and binding in law. The notary has certified that they did sign and were sworn. If such was not the case, appellant should have proved it by evidence. See *Randall* v. *Baker* (1850), 20 N. H. 335. In the case of *Gaddis* v. *Durashy* (1833), 13 N. J. L. 324, cited by appellant, the parties admitted that only one of them signed and swore to the affidavit, thus contradicting the notary's certificate. The reasoning of the opinion in that case supports our holding. We do not approve the holding in the case of *Norman* v. *Horn* (1889), 36 Mo. App. 419, cited by appellant. So far as it appears in evidence here, the affidavit of Grammer & Smith was signed in conformity with the statutory requirements.

No error appearing, the judgment is affirmed.

NOTE.—Reported in 101 N. E. 38. See, also, under (1, 2) 11 Cyc. 482; (3) 11 Cyc. Anno. 481-New. As to liability of county boards for acts involving discretion, see 95 Am. St. 83. As to discretion in choosing between bidders for public contract, see 38 L. R. A. (N. S.) 653. As to the construction of "lowest responsible bidder" or a similar phrase in a statute providing for the letting of municipal contracts, see Ann. Cas. 1913 A. 500.