## WALTER v. PENCE.

[No. 15,647.  Filed January 25, 1938.]

*Fenton, Steers, Beasley & Klee, James C. Joy* and *Simmons & Simmons*, for appellant.

*J. J. Moran* and *Eichhorn, Gordon & Edris*, for appellee.

LAYMON, C. J.—This is an appeal from a judgment of the Wells Circuit Court awarding appellee damages for personal injuries sustained as a result of a collision of the automobile in which appellee was riding and appellant's truck, which occurred on state highway No.

26. The pleadings consisted of a complaint in one paragraph and an answer in general denial. A trial by the court and jury resulted in a verdict and judgment in favor of appellee. In due time appellant filed a motion for a new trial which was overruled. Appellant then perfected this appeal, assigning as error the ruling on said motion. The grounds duly presented in the motion are: Error in the giving of instruction No. 15½ by the court upon its own motion; error in the admission into evidence of the testimony of witnesses Badders and Smith; and that the verdict of the jury is not sustained by sufficient evidence.

Appellant complains of instruction No. 15½, given by the court upon its own motion, for the reason that the court included in the instruction certain elements of damage referred to as "the value of doctor's services and hospital care," for which recovery might be had in the absence of evidence showing their reasonable value. It appears that the physician who rendered the service as such in the treatment of appellee's injuries for which recovery was sought, after stating in detail the extent of the services rendered appellee, was asked: "Have you in mind the value of your services throughout the course you treated him up to the present time?" This question was answered in the affirmative, and the witness was then asked: "You may tell the jury what was the value of your services." The witness replied that a bill had been rendered, the amount of which he did not have in mind. He was further asked: "Take the value of it from the time you took charge until this time." To this question counsel for appellant objected on the ground that the answer sought to be elicited thereby would be wholly irrelevant and immaterial. The objection having been overruled, the witness answered one hundred to one hundred and fifty dollars.

The superintendent of the hospital which furnished

appellee with hospital services for the injuries involved testified that she had been engaged in hospital work in the State of Indiana for fifteen years, was a registered nurse, and knew what hospital services were worth in the vicinity during the period in question. The witness was then asked what the reasonable and fair value was of the services which were assumed in the question propounded to her to have been furnished appellee. Over appellant's objection she was permitted to answer and stated that two hundred forty-four dollars would be a fair amount.

While the method of proof of the value of the doctor's services may be subject to the infirmity of failing to classify the value as being reasonable, however, ▪▪ appellant did not object upon the ground that it was not a proper measure of value of services or the proper method of proving the value thereof. The particular objection urged here was not presented to the trial court and therefore cannot be considered on appeal. *Indiana Improvement Co.* v. *Wagner* (1894), 138 Ind. 658, 38 N. E. 49; *City of Michigan City* v. *Werner* (1916), 186 Ind. 149, 114 N. E. 636; *Decker* v. *Mahoney* (1917), 64 Ind. App. 500, 116 N. E. 57. Furthermore, an objection made to evidence on the ground that it is immaterial or irrelevant presents no question for review. *Lake Erie and Western Railway Co.* v. *Parker* (1883), 94 Ind. 91; *Clark Civil Township* v. *Brookshire* (1887), 114 Ind. 437, 16 N. E. 132; *Miller et al.* v. *Dill et al.* (1897), 149 Ind. 326, 49 N. E. 272; *Hicks* v. *State* (1905), 165 Ind. 440, 75 N. E. 641; *City of Michigan City* v. *Werner, supra; Western Assurance Co.* v. *McAlpin* (1899), 23 Ind. App. 220, 55 N. E. 119; *Lautman* v. *Pepin* (1901), 26 Ind. App. 427, 59 N. E. 1073; *Citizens Gas, etc., Co.* v. *Whipple* (1904), 32 Ind. App. 203, 69 N. E. 557; *Willis* v. *Knauth* (1922), 79 Ind. App. 114, 137 N. E. 557.

Appellant has cited the case of *City of Bedford* v. *Woody* (1899), 23 Ind. App. 401, 55 N. E. 499. This case is distinguishable from the instant case. There the doctor was asked to state *the amount of the indebtedness* on account of medical services rendered, to which an objection was interposed that it was not a proper measure of value of services, nor the proper method of proving the value of services. The objection being overruled the witness answered, "One hundred and sixty-five dollars and seventy cents." The court held, and correctly so, that in the absence of any other evidence, this was not the proper method of proof. In the instant case the doctor was asked the value of the services, and his answer thereto indicates a statement of value.

Appellant further complains of the admission into evidence of the testimony of the superintendent of the hospital, for the reason that the witness had not shown herself qualified to answer the question as to the value of services; that the matter sought to be elicited did not lie within the domain of expert testimony; and that the question assumed facts not established by the evidence. The record does not sustain these objections, and we find no error in overruling them.

While the evidence of the physician and superintendent is not as explicit upon the subject of value as it might have been, however, it amounted to some evidence as to the reasonable value of the services, and is sufficient in the absence of a showing to the contrary. It is apparent that the elements of damage complained of could only affect the amount of recovery, and, when considered in view of the evidence showing the injuries sustained, together with the amount of the verdict, we cannot say that the substantial rights of appellant were prejudiced.

Appellant, under his third ground in the motion for a

new trial, challenges the sufficiency of the evidence to sustain the verdict, pointing out that the evidence is insufficient to sustain a recovery for medical and hospital expenses. This contention has heretofore been answered.

Finding no reversible error, the judgment is affirmed.