WHERRY ET AL. *v.* BACKELMAN, TRUSTEE, ETC., ET AL.

[No. 18,738. Filed December 30, 1955.]

*Arthur H. Fruechtenicht* and *William Fruechtenicht*. of Fort Wayne, for appellants.

*Gates & Gates,* of Columbia City, for appellees.

KENDALL, J.—Appellants filed their petition in the lower court for a declaratory judgment praying for an order determining whether the Auditor of Whitley County, Indiana, acted ·correctly in counting certain names on a petition to abandon a school, when the names, as executed, did not appear in the same form on the tax records of the township as they were executed on the petition.

Appellants contend that the tax duplicates of Union Township, Whitley County, Indiana, contained the names in the following manner: James L. Springer, Homer Studebaker, Jackson A. Rex, Glois J. Smith, Robert A. Diebold, Beulah Diebold, Helen B. Auer, Youna Walker, Tessa C. Harris, Ethel N. Waxwell, Virginia A. Bell, Maryellen A. Junk, William A. Hazen, Hilda A. Hazen and Eula Belle Steele, and that in order for such petitioners to be valid signatures they contend that the signatures must be signed in the same manner which they appear on the tax duplicates. The signatures being questioned appeared on the petition in the following manner: Jim Springer, H. J. Studebaker, Jack Rex, Mrs. Ross Smith, R. A. Diebold, Mrs. Robert Diebold, Mrs. Harman Auer, Mrs. Arland Walker, Mrs. Frank Harris, Mrs. Frank Maxwell, Mrs. Lee Bell, Mrs. Edward A. Junk, W. A. Hazen, Mrs. W. A. Hazen and Mrs. Donald Steele.

There is no question but what the persons signed the petition in the manner as immediately above-indicated. Appellants only question whether the different individuals signed their names correctly to be counted a valid signature on the petition.

After the filing of appropriate answers by appellees, the cause was submitted to the court for trial who specially found, among other things, that "all names appearing on said petition except the signature of 'Philip

LaFavor' were valid and binding signatures of resident taxpayers of said Township and should be counted in determining whether or not said petition containing a majority of the resident taxpayers . . . as requested by Section 1, Chapter 118 of the 1953 Acts of the General Assembly". Judgment was rendered accordingly in favor of appellees.

The stipulation further provided, "That the name of Jim Springer is JAMES L. SPRINGER, and that the name James L. Springer appears on the tax duplicate". A similar stipulation was made for each of the above-named individuals. It is apparent, therefore, that by the stipulation introduced appellants admitted that the persons signing the petition were the same and identical individuals whose names appeared on the tax duplicate.

Appellants' motion for new trial was to the effect that the decision of the court was not sustained by sufficient evidence and was contrary to law. On appeal the specification that the decision is not sustained by sufficient evidence is of no avail to appellants, a negative verdict having been rendered adverse to appellants. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905; *Est. of Granger* v. *Gosport Cem-A'ss'n.* (1954), 124 Ind. App. 686, 118 N. E. 2d 386 (transfer denied).

The assignment of error is the overruling of the motion for new trial.

Chapter 118, Sec. 1 of the Acts of the 1953 Indiana General Assembly, being Sec. 28-2807, Burns' 1948 Replacement, 1955 Pocket Supp., provides as follows:

"Whenever a majority of the resident taxpayers of any school township or school corporation shall petition the trustee or board of trustees of such school township or school corporation for the abandonment of any high school . . ., it shall be the duty of the trustee of such school township or

the board of trustees . . . to comply with such petition and to abandon such high school. . . ."

In 38 Am. Jur., Sec. 11, p. 601, it is said:

"In other words, a contract or obligation may be entered into by a person under any name he may choose to assume. The law is chiefly concerned with the identity of the individual, and when that is ascertained and clearly established, the act will be binding on him and on others."

It is a general rule that a person may be designated in a legal proceeding by the name by which he is commonly known, even though this does not constitute his true name. *Schoonhoven* v. *Gott* (1858), 20 Ill. 46, 71 Am. D. 247; *Laflin & Rand Co.* v. *Steytler* (1891), 146 Pa. 434, 14 L. R. A. 360. The object and purpose of describing a person in such a petition such as this is for identification purposes.

Similar questions have been considered by the Supreme Court of this state. In the case of *Cooper* v. *Harmon* (1908), 170 Ind. 113, 83 N. E. 704, the Supreme Court had under consideration a motion to dismiss a highway petition filed before a Board of County Commissioners on the grounds that the petition was signed by the surnames and initials. In sustaining the overruling of the motion to dismiss, the court said:

". . . but we are of opinion that at the most they would only have been entitled, upon proper motion, to have the full Christian and surname of each petitioner entered of record."

In the instant case, no motion was filed or sought to have the names on the petition corrected in such manner as they appeared on the tax duplicate. *Eigenmann*

v. *Board, etc.* (1913), 53 Ind. App. 1, 101 N. E. 38; *Zann et ux.* v. *Haller* (1880), 71 Ind. 136.

The case of *State ex rel.* v. *Ayres* (1940), 217 Ind. 179, 26 N. E. 2d 1002, involved a set of facts where an individual tried to file his declaration for public ██ office under the name of "Gene G. Scher". The county election board held that such signature was not a proper declaration since the individual was registered as "Eugene Gabriel Scher". The Supreme Court ordered the petitioner's name be placed upon the ballot, and, in so doing, the Supreme Court said:

> "Courts take judicial notice of the usual abbreviations or corruptions of Christian names in common use. 20 Am. Jur., Evidence, Sec. 69;
>
> "Webster's New International Dictionary (2nd Ed.), 1935, is authority for the statement that 'Gene' is a diminutive of the Christian name 'Eugene'."

*Brown* v. *Grzeskowiak* (1951), 230 Ind. 110, 101 N. E. 2d 639; Sec. 1-201, Burns' Stat., Specification 9, provides as follows:

> ". . . but in all cases where the written signatures of any person is required, the proper handwriting of such person, or his mark shall be intended." *Shank* v. *Butsch* (1867) 28 Ind. 19; *Zann* v. *Haller, supra.*

Several of the individuals signing the petition used the word "Mrs.", together with their Christian name or that of their husband's Christian name. Such ██ phraseology merely designates the individual as being a married woman. When the individual signing the petition in such manner, using initials, their Christian name or the Christian name of their husband, the same creates a presumption that she is signing the

petition for herself, and it then becomes the duty of the governmental official to determine whether or not the identification of such individual so signing is the same person whose name appears upon the tax duplicate. In view of the stipulation, it is apparent that the appellants admitted for the purpose of evidence that those individuals signing with initials and using the phraseology "Mrs." were one and the same persons, whether their names be signed, for example, as "Helen B. Auer" or "Mrs. Harman B. Auer".

The Act, in referring as to whom shall petition a local school corporation, uses the words "resident taxpayer". It is not the purpose of the Act to mean that in order to validly sign a petition, such as this, that the person must sign his or her name as the same exactly appears on the tax duplicate, but to the contrary, it is for the purpose of providing the governmental official a means or method of making an accurate determination of those who are resident taxpayers, who, in this case, desired the abandonment of a school unit. In arriving at whether the petition is a valid one, considering the manner in which the names are so executed as above set out, the law is primarily concerned with the question of the correct identity of the person so signing.

Finding no error, judgment of the trial court is hereby affirmed.

NOTE.—Reported in 130 N. E. 2d 777.