BEATY *v.* DONALDSON, EXECUTOR, ETC., ET AL.

[No. 19,987. Filed July 16, 1964.]

*Paul H. Johnson, Jr.,* and *Johnson & Martin,* of Zionsville, for appellant.

*Webb, Webb & Smith,* of Noblesville, *Wendell B. Iddings,* and *John W. Donaldson,* both of Lebanon, for appellees.

HUNTER, C. J.—This is an action brought by appellant in the Boone Circuit Court to set aside an executor's deed given by appellee John W. Donaldson as executor of the estate of Myrtle J. Beaty, deceased, to appellees Lloyd M. Headley and Mary B. Headley, husband and wife, and grantees therein. This cause was venued from the Boone Circuit Court to the Hamilton Circuit Court.

The issues were formed by allegations in appellant's complaint that a certain sale of real estate was null, void and invalid and the deed evidencing the same should be set aside on the grounds that such sale was not had or made in conformity with an order of court authorizing the same. Appellant specifically alleged that appellee executor failed to give notice of the time, terms and place of such sale as required by the order of court. To these particular allegations, appellees filed their answer in denial.

Trial was had before the court which made a finding and decision on the issues in favor of appellees and against appellant. Judgment was rendered as follows:

"The Court finds against the plaintiff and for the defendant on the plaintiff's complaint and finds

that the prayer thereof should not be allowed, costs taxed to the plaintiff.

All of which is considered, ordered, adjudged and decreed."

Thereafter appellant filed a motion for new trial which was submitted and overruled.

The appellant's assignment of error presents two questions raised by his motion for new trial which are as follows (1) that the court erred in overruling plaintiff's objection to defendants' exhibits A, B, C and D respectively, and (2) that the finding and decision is not sustained by sufficient evidence and is contrary to law.

The appellant's assignment of error to the effect that the trial court erred in overruling his objections to defendant's exhibits numbered A, B, C and D was a mere general objection on the grounds that said exhibits were immaterial and irrelevant to the issue. It has been stated many times that general objections to the admission of evidence are not sufficient to present any question on appeal, further that the objecting party must state specific grounds of objection to the trial court when the evidence is offered. We believe the rule to be well established that an objection to evidence on the formal grounds that it was irrelevant, incompetent and immaterial is too general, too indefinite and uncertain to present any question on appeal. This is particularly true where the immateriality or irrelevancy of such exhibits are not apparent on the face thereof. *Sievers* v. *The Peters Box and Lumber Co.* (1898), 151 Ind. 642, 50 N. E. 877 (Rehearing denied), 151 Ind. 642, 52 N. E. 399; *Bass* v. *The State* (1894), 136 Ind. 165, 36 N. E. 124; *Stanley et al.* v. *Holliday* (1892), 130 Ind. 464, 30 N. E. 634; *Klingler* v. *Ottinger* (1939), 216 Ind. 9, 22 N. E. 2d 805; *Gary*

*Railways* v. *Cline* (1951), 121 Ind. App. 449, 97 N. E. 2d 628; *Central Indiana Ry. Co.* v. *Mitchell* (1936), 102 Ind. App. 121, 199 N. E. 439; *City of Michigan City* v. *Werner* (1916), 186 Ind. 149, 114 N. E. 636; *Hicks* v. *State* (1905), 165 Ind. 440, 75 N. E. 641; *Walter* v. *Pence* (1938), 104 Ind. App. 532, 12 N. E. 2d 367; *Altmeyer* v. *Norris* (1954), 124 Ind. App. 470, 119 N. E. 2d 31. Therefore, this court is of the opinion that the appellant has failed to establish reversible error under specification one (1) of his motion for a new trial.

The second specification urged by the appellant in his motion for new trial is that the finding and decision are not sustained by sufficient evidence and are contrary to law. We are of the opinion that the law is well established that where a verdict or judgment against the plaintiff (appellant here) who has the burden of proof in the trial court does not rest upon the quantum of evidence, it cannot be asserted on appeal that such a disposition of the case was not sustained by sufficient evidence. The rule has been well stated that a negative verdict or judgment may not be attacked on the ground that there is lack of evidence to sustain it. *Rowe* v. *Johnson* (1945), 223 Ind. 289, 60 N. E. 2d 529; *Wilson Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905; *Glass* v. *Bailey et al.* (1954), 233 Ind. 266, 118 N. E. 2d 800; *Wilson* v. *Rollings, supra; Wherry et al.* v. *Backelman, Trustee, Etc. et al.* (1955), 126 Ind. App. 136, 130 N. E. 2d 777.

The appellant's cause of action below was predicated upon rhetorical paragraph five (5) of his complaint which reads as follows:

"5. That the aforesaid sale of said real estate is null, void and invalid and the deed thereof as aforesaid should be set aside, in this, to wit: that

said sale was not had or made in conformity with said order of the Boone Circuit Court dated November 17, 1959, in this, to wit: that Defendant, John W. Donaldson, as Executor aforesaid, did not give notice of the time, terms and place of said sale by two publications, one week apart, the last of which publication was to be at least one day before the date of said sale, in some newspaper of general circulation, printed and published in Boone County, Indiana."

It will be readily noted that there are no allegations of fraud, neither is there any question concerning appellee Donaldson's authority as executor to sell the real estate. There were no allegations that the appellant was in any way harmed by the sale or that the appellee failed to make a diligent effort to obtain the highest and best price for the real estate. There are no allegations in the appellant's complaint of any irregularity in any of the proceedings had before the Boone Circuit Court except that the appellee Donaldson failed to give notice of the sale in conformity with the Boone Circuit Court's order.

The original order for sale of the real estate was for the full appraised value in the sum of Twenty-eight Thousand ($28,000.00) Dollars at private sale. The appellee Donaldson was unable to make sale under said order and filed a petition for re-appraisal pursuant to Burns' Indiana Annotated Statutes §§7-913 and 7-914, the pertinent portions of which said statutes read as follows:

"7-913. Order for sale, mortgage or lease of real property.— . . . An order for sale, . . . shall remain in force until terminated by the court, but no sale . . . shall be made after one (1) year from the date of the order unless the real property . . . shall have been reappraised under order of the court within three (3) months preceding the sale . . . (Acts 1953, ch. 112, § 1513, p. 295.)"

"7-914. Appraisement of real property.— . . . In the event reappraisal is ordered by the court, . . . the property shall be appraised at its full and fair value . . . , by two (2) suitable and disinterested persons who are residents of the county in which at least part of the property lies and they shall deliver the appraisement certified by them under oath to the personal representative. (Acts 1953, ch. 112, § 1514, p. 295.)"

The order to re-appraise the real estate entered on May 26, 1960 appointed two appraisers and directed that the executor should proceed to sell said real estate under the former order of the court which was dated November 17, 1959.

The appellant in his brief concedes that the appellee did give notice as required by the original order of sale entered by the Boone Circuit Court on November 17, 1959 and indeed the record of the evidence affirmatively demonstrates the same. Nevertheless, the appellant contends that all proceedings in the sale of the real estate must be referred back to the original order of sale entered on November 17, 1959. This court is of the opinion that this evidence alone is sufficient to defeat the appellant's cause of action in view of the fact that the sole issue before the trial court under the pleadings filed there is that no notice was given.

Appellant's attempt to raise a new issue for the first time in this court by contending that the order of sale should be vacated and set aside for the reason that there was no additional notice given by the appellee of a sale under a re-appraisal must fail. Such an issue was never before the trial court and the appellant may not now change the theory of his action. However, aside from the fact that the appellant may not raise this question for the first time in this court

on appeal, we believe it sufficient to say that we know of no statute that requires such additional notice of sale be given and indeed the appellant has not cited any authority requiring such a notice and, finally it should be noted that the Boone Circuit Court did in fact approve the sale at the re-appraised value.

Finding no reversible error, the judgment of the trial court is affirmed.

Kelley, Mote and Pfaff, JJ., concur.

NOTE.—Reported in 200 N. E. 2d 233.