SCHOBY *v.* SMITH.

[No. 767A31. Filed April 9, 1968. No petition for rehearing filed.]

George T. Patton, of South Bend, for appellant.

Joseph V. Simeri, Thomas Singer, of South Bend, and Crumpacker, May, Levy & Searer, of South Bend, of counsel, for appellee.

PRIME, J.—An action was brought by appellant Schoby, who sought to recover damages for his injuries sustained when the automobile he was driving was struck by another being operated by James Paul Smith. Trial was by jury, which returned a verdict adverse to the plaintiff; judgment followed in accordance.

The sole impropriety alleged to have occurred during these proceedings is a certain colloquy between defense counsel and the plaintiff. Appearing as a witness in his own behalf, Mr. Schoby was asked about an automobile accident subsequent to that which formed the basis of his complaint. The plaintiff had been involved in the accident referred to, and so answered the question after timely objection by his counsel. That objection, in its entirety, was: "Objection, your Honor. It is irrelevant."

No reason was given to the trial court as to why evidence which might have resulted from an answer to the question would be irrelevant. It may well be that plaintiff's counsel might have convinced the trial court that irrelevant evidence would be forthcoming, just as defense counsel might have given an equally persuasive demonstration of relevancy. Whatever might have happened, it is apparent from the trial court's ruling on the objection that he saw some relevancy.

It has long been held that such a general objection is too indefinite to raise any question on appeal, particularly when irrelevancy is not immediately apparent. A concise statement of this rule, following a generous citation of authority, may be found in Beaty v. Donaldson:

". . . (A)n objection to evidence on the formal grounds that it was irrelevant, incompetent and immaterial is too general, too indefinite and uncertain to present any question on appeal. This is particularly true where the immateriality

or irrelevancy of such exhibits are not apparent on the face thereof." *Beaty* v. *Donaldson* (1964), 136 Ind. App. 269, 200 N. E. 2d 233, 3 Ind. Dec. 626.

In view of the expressed rule, we are constrained from reviewing the trial court's action in overruling the objection. The rule is well grounded in reason, for this court possesses neither the legal nor the physical power to definitively state what change in result would have taken place if an alternate set of circumstances had been in effect.

The judgment below is affirmed as rendered, upon the authority of *Beaty* v. *Donaldson, supra.*

Judgment affirmed.

Carson, C. J., Cooper and Faulconer, JJ., concur.

NOTE.—Reported in 235 N. E. 2d 495.