Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 319 N.E.2d 159.

ROBERT LEE JOHNSON v. STATE OF INDIANA.

[No. 2-673A133. Filed November 26, 1974. Rehearing denied January 3, 1975. Transfer denied March 27, 1975.]

Frank E. Spencer, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Larry C. Gossett, Deputy Attorney General, for appellee.

WHITE, J.—Defendant-appellant was convicted of unlawfully possessing heroin. He appeals from his sentence of imprisonment for not less than two, nor more than ten, years, contending that the trial court erred in admitting the heroin into evidence because he says it was illegally seized. We affirm.

The evidence most favorable to the State was the testimony of a City of Indianapolis police officer and a police chemist.

The officer testified that he and two other city police narcotics officers and one federal narcotics agent went to the home of defendant's brother to investigate information they had that there were narcotics there. As the witness was knocking on the front door he heard a noise above him. He stepped back and saw a man (not the defendant) climb out a window onto the porch roof and jump onto the porch roof of an adjacent house. He and two other officers gave chase and while the two other officers were assisting the man down off the porch roof he returned to the first house and resumed

knocking on the door. On his way back he observed defendant, who was half out of another window, throw out a plastic bag to the ground. Defendant climbed back into the house while the officer picked up the bag and joined the other officers, and the man they had caught, on the porch where they "[k]ept knocking on the door, and were finally admitted into the house."

In the house the officer removed one of several tin foil wrapped "bindles" from the bag and ran a field test on its contents which indicated that it contained heroin. The defendant was arrested and the bag was taken to headquarters where it was placed in safekeeping until five of the thirty-seven bindles were laboratory-tested by the chemist who testified they contained heroin.

This evidence was received without objection, but when the plastic bag and its contents were offered into evidence as "State's Exhibit Two (2)",[1] defendant made his first objection, which was: "To which the Defendant will object, Your Honor, and ask leave to ask certain preliminary questions."

Leave was granted and the chemist was asked argumentative questions concerning facts and legal theories about which he could have known nothing and readily admitted that he did not. The State declined cross-examination as to the preliminary examination, whereupon the defendant stated:

"We now, if there is no cross-examination on the preliminary question—on direct preliminary question, Judge, will move that the evidence be suppressed, for the reason that the doctor's identification, while no doubt quite authentic, has nothing to do with the fact that the State has not laid a foundation for the admissibility of any exhibit, particularly 'Exhibit Number Two (2)'".

The motion, or objection, was overruled and the exhibit was admitted.

1. "State's Exhibit 1" was an envelope in which the officer had placed "State's Exhibit Two (2)". Exhibit 1 was never offered into evidence.

"It has been stated many times that general objections to the admission of evidence are not sufficient to present any question on appeal, further that the objecting party ▇▇ must state specific grounds of objection to the trial court when the evidence is offered."[2] Not only was appellant's objection fatally general, but a foundation had, in fact, been laid. The officer's testimony established, *prima facie* at least, that the exhibit had been in defendant's custody. The chemist's testimony established that it contained heroin. Their testimony, which was elicited without any objection from the defendant, not only laid a foundation for the exhibit but also made a *prima facie* case for the State. Admitting the heroin itself into evidence may have added weight to the State's case, but it was not essential to a conviction.

In *Graham* v. *State* (1970), 253 Ind. 525, 255 N.E.2d 652, a conviction for possession of heroin was reversed because there was a break in the chain of custody between the seizure and the laboratory test. The court's opinion makes these significant statements:

> "Although no heroin was actually admitted into evidence at the trial, and *we believe that conviction could be sustained without such admission,* appellant seeks to exclude testimony relating to the results of the laboratory tests conducted by various state's witnesses, contending that whatever it was that was tested could not be shown to have come from his possession." (Our emphasis. *Id.* at 530.)
> "Clearly the evidence adduced at the trial as to the laboratory determination of the presence of heroin was prejudicial to the appellant—it was the *element* essential to conviction." (Original emphasis. *Id.* at 533.)

Appellant's contention on appeal is that the packet of heroin was inadmissible because it (in the words of his brief) "was seized by the police on private property where the Defendant was a guest, when the officers, with no warrant, came upon unspecified 'information' furnished by an

---

2. *Beaty* v. *Donaldson* (1964), 136 Ind. App. 269, 271, 200 N.E.2d 233, 235.

unspecified informer and both knocked at the front door and kicked in the back door and arrested Defendant after the said packet was seized by one of the officers. . . ." For a very good reason, however, that contention was not expressed in his motion to suppress. At the time the motion was made there was no evidence in the record to suggest that at the time appellant threw the exhibit to the ground the police had done anything illegal. No testimony of illegal activity, such as kicking in the back door to enter without a warrant or other justification had yet been received. It was not until defendant himself testified that such evidence came before the court. His sister-in-law's testimony as a defense witness also tended to support his version, but the testimony of his third witness, a federal narcotics agent, definitely did not.

It is quite apparent that the trier of fact, the trial judge, did not believe the defendant and his sister-in-law. And in reaching the conclusion that their testimony was unworthy of belief, the judge was not only exercising a prerogative which (in the absence of a jury) is solely his, but he was also performing his duty to weigh the evidence—a duty which is likewise exclusively his. The effect of appellant's argument is to ask us to reweigh the evidence to reach the conclusion that defendant was convicted on illegally obtained evidence. Were that request properly before us, we could not grant it. *Fuller* v. *State* (1971), 256 Ind. 681, 684, 271 N.E.2d 720, 721.

Therefore, the judgment is affirmed.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported at 319 N.E.2d 143.