Leon UNDERWOOD, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3-580A133.

Court of Appeals of Indiana,
Third District.

Jan. 14, 1981.

Rehearing Denied Feb. 16, 1981.

William F. Carroll, Carroll & Donaldson, Crown Point, for appellant.

Theodore L. Sendak, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Leon Underwood was convicted of burglary, a class C felony, and sentenced to eight years imprisonment. At trial, the State presented evidence showing that the police were dispatched to Diamond Duck Lounge at approximately 4:30 A.M. on March 26, 1979 to investigate a possible breaking and entering. After circling the building, the police noticed a screen ajar and a window broken on the south side of the building. The owner testified that when he left the building earlier, all windows and doors were locked and secured. Two policemen entered the lounge through the broken window and observed a cash register drawer lying on the floor next to a black glove and three screwdrivers. Upon searching the premises, the defendant was discovered hiding in the ladies' restroom. His arrest occurred immediately.

This appeal presents three issues for review:

(1) Was there misconduct on the part of the State, and a denial of a fair trial to the defendant because the State and its prosecuting witness made repeated references to the existence of a burglar alarm over repeated objections by defendant's counsel?

(2) Did the court abuse its discretion by failing to grant defendant's motion for mistrial after repeated violations by the State, through its prosecuting witness, of a motion in limine forbidding the State from introducing, either directly or indirectly, any matters relating to the setting, presence or activation of a burglar alarm?

(3) Did the court err in refusing to give defendant's proposed Instruction No. 1 concerning his right to refuse to testify?

The first two issues are consolidated for purposes of this decision.

■ Prior to trial, the defendant filed a motion in limine which requested, in part, that "the Prosecuting Attorney be forbidden from introducing, either directly or indirectly, ... [a]ny matters relating to the setting, presence, or activation of the Burglar Alarm at the Diamond Duck Lounge." The motion, as to this item, was granted *in part*.[1] The prosecution indicated to the court that no employees of the alarm company would be called to testify as to the activation of the alarm. Thus, the trial court believed that any reference to the activation of the system would be improper hearsay testimony. Evidence offered by the owner of the lounge, based on his personal knowledge of the presence and setting of the system, would clearly not be hearsay testimony, and, therefore, should have been properly admissible.

Throughout the trial and the appeal of this case, the defendant has failed to understand the ruling of the trial court. All references to the system were not excluded, only those relating to the activation of the system. This misunderstanding by the defense counsel renders his appellate argument on issues I and II inappropriate. The

evidence to which most strenuous objections were lodged are four references by the lounge owner to the burglar alarm system. Not one of these references states that the system was activated on the night in question or, in any way, mentions activation. Thus, the testimony was not inadmissible as hearsay.

■ Furthermore, the objections raised at trial were inadequate to preserve error on appeal. For two of the objections, no basis was stated and the other two objections were based on the unresponsive nature of the answer. It is the obligation of the appellant to make the proper specific objection and to preserve the record for appeal. *St. Bd. Tax Comm'rs v. Pappas* (1973), 158 Ind.App. 327, 302 N.E.2d 858; *Beaty v. Donaldson, Executor* (1964), 136 Ind.App. 269, 200 N.E.2d 233.

■ Following each of these references to the alarm system, the defendant also requested a mistrial based on a violation of the motion in limine. All of the motions were denied. The fault in appellant's argument is twofold. First, the testimony did not violate the motion in limine, as explained previously, because it did not refer to activation of the system. Secondly, a ruling on a motion in limine is not a final ruling on the admissibility of evidence. The motion serves merely to prevent the display of potentially prejudicial matter to the jury until the trial court has had the opportunity to rule on the admissibility of the evidence within the context of the trial itself. *Lagenour v. State* (1978), Ind., 376 N.E.2d 475, at 481; *Crosson v. State* (1978), Ind., 376 N.E.2d 1136, at 1140. Thus, the error, if it is created at all, is based not on the motion in limine but on the inadmissibility of the testimony according to the rules of evidence. In the present case, no error occurred in the denial of the motions for mistrial.

■ The third allegation of error contests the refusal of the trial court to give the defendant's proposed Instruction No. 1, which reads:

---

1. The motion was argued and decided orally on the morning of the trial.

"A defendant is a competent witness to testify in his own behalf and he may testify in his own behalf or not, as he may choose. In this case the defendant has not testified in his own behalf and this fact is not to be considered by the jury as any evidence of guilt, neither has the jury any right to comment upon, refer to, or in any manner consider the fact that the defendant did not testify, in arriving at your verdict in this case."

The trial court did fully instruct the jury on the presumption of innocence and the burden of proof.

This issue was recently addressed by the Indiana Supreme Court in *Lyda v. State* (1979), Ind., 395 N.E.2d 776.[2] In that case, the trial court refused to give the same instruction which the defendant proposed here. The Court ruled:

"Defendant's failure to take the stand was not specifically brought to the jury's attention in any prejudicial manner during the trial. Further, the record shows that defense counsel discussed this issue in final argument and informed the jury as to their obligations and the law, in a manner consistent with the wording of the tendered instructions. It is our opinion that the trial judge should have given this instruction under the circumstances presented here. The trial court's instruction number twelve, above [concerning the presumption of innocence], did not completely cover the area sought by defendant's tendered instruction number two. However, we cannot say in this case that the court committed reversible error by refusing to give the instruction. There was very strong direct evidence that the defendant committed this crime. As pointed out above, several eyewitnesses involved in the incident identified the defendant and implicated him in the acts necessary to make him guilty as charged. We think, therefore, that it is clear be-

yond a reasonable doubt that the jury did not convict the defendant because of a misunderstanding of the law due to the absence of this instruction. Likewise, we do not believe their judgment would have been different had this instruction been given. Therefore, we are not inclined to reverse the trial court on this issue." 395 N.E.2d at 781.

Following this precedent, it must be concluded that error was created in the present case by the refusal of the trial court to give the tendered instruction. However, as in *Lyda*, this error does not require reversal. The following similarities exist between the present case and *Lyda*: 1) the defendant's failure to testify was not brought to the jury's attention in any prejudicial manner; 2) defense counsel, in his final argument, informed the jury as to the law on this matter; 3) very strong evidence of the defendant's guilt was presented by the testimony of the police officers who caught the defendant hiding in the restroom of the lounge; and 4) it does not appear that the jury misunderstood the law or that the verdict would have been different if this instruction had been given. Thus, the *Lyda* decision is binding on this Court in the present case and the error created by the failure to properly instruct the jury does not necessitate a reversal.

Therefore, the judgment of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.

---

2. The *Lyda* decision was rendered approximately one month after the denial of the original motion to correct errors in this case.